United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Blane E Freeman
Deborah R Freeman
      Debtors

Case No. 18-13221-mdc
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Christina     Page 1 of 1     Date Rcvd: Aug 21, 2018
                        Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 23, 2018.
db/jdb       +Blane E Freeman,    Deborah R Freeman,    635 Fifth Street,    Oxford, PA 19363-2817

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 23, 2018                                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 21, 2018 at the address(es) listed below:
         KEVIN G. MCDONALD    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
          bkgroup@kmllawgroup.com
         MICHAEL H KALINER     mhkaliner@gmail.com,    pa35@ecfcbis.com
         MICHAEL H KALINER     on behalf of Trustee MICHAEL H KALINER mhkaliner@gmail.com,    pa35@ecfcbis.com
         ROBERT S. TETI     on behalf of Debtor Blane E Freeman teti@vflawoffice.com
         ROBERT S. TETI     on behalf of Joint Debtor Deborah R Freeman teti@vflawoffice.com
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
                                                                                                             TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Blane E. Freeman and Deborah R. Freeman, | : | |
| Debtors. | : | Bankruptcy No. 18-13221-MDC |

# **O R D E R**

**AND NOW**, on August 10, 2018, Blane E. Freeman and Deborah R. Freeman (the "Debtors") caused to be filed a reaffirmation agreement with creditor Nationstar Mortgage LLC d/b/a Mr. Cooper (the "Reaffirmation Agreement").[1]

**AND**, the Debtors were represented by an attorney during the course of negotiating the Reaffirmation Agreement.

**AND**, the attorney filed a certification that the Debtors were counseled in accordance with 11 U.S.C. §524(c)(3).

**AND**, the Debtors acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtors signed the Reaffirmation Agreement.

**AND**, there is no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J.

**AND**, there is no presumption of undue hardship pursuant to 11 U.S.C. §524(m)(1).

It is hereby **ORDERED** and **DETERMINED** that:

1. No reaffirmation hearing is necessary. *See* 11 U.S.C. §§524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. *See* 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A)

---

[1] Bankr. Docket No. 12.

(requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C.

§524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated: August 21, 2018

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Robert S. Teti, Esquire
Valocchi & Fischer
342 E. Lancaster Avenue
Downingtown, PA 19335

Michael H. Kaliner, Esquire
Michael H. Kaliner Trustee
350 South Main Street, Suite 105
Doylestown, PA 18901

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107